UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MICHAEL HARRIS, DAVID HOROSCHAK, AND MILLS STAYLOR, | Civil No. _____ |
| Plaintiffs, | |
| v. | JURY TRIAL DEMANDED |
| SIRIUS XM RADIO, INC., | |
| Defendant. | |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs, MICHAEL HARRIS, DAVID HOROSCHAK, and MILLS STAYLOR ("Plaintiffs"), by and through their undersigned counsel, complain of Defendant, SIRIUS XM RADIO, INC. ("Defendant" or "SiriusXM"), as follows:

## NATURE OF THE CASE

1.      This is a collective action brought by Plaintiffs, on behalf of themselves and all other similarly situated employees who have worked for Defendant SiriusXM, to recover damages for Defendant's unlawful discrimination on the basis of age in violation of Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (the "ADEA"); the New York State Human Rights Law, N.Y. Executive Law art 15 (the "NYSHRL"); and the New York City Human Rights Law, NYCRR § 8-101 *et seq.* (the "NYCHRL"). As described further below, SiriusXM has discriminated, and continues to discriminate, against its older workers, through its illegal policy and practices of disproportionately laying off employees over forty (40) years old in favor of younger, less experienced, and less qualified employees. Over the last several years, SiriusXM has been in the

process of systematically reducing its employment of older workers in order to build a younger workforce. These discriminatory practices constitute unlawful discrimination under the ADEA and state anti-discrimination laws.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

3.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because Defendant is headquartered in this district, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

4.      Plaintiff Michael Harris is a resident of Arlington County, Virginia. Mr. Harris was born in 1974 and was employed by Defendant as its Vice President of Software Engineering until Defendant terminated his employment on or about February 12, 2024.

5.      Plaintiff David Horoschak is a resident of Bucks County, Pennsylvania. Mr. Horoschak was born in 1974 and was employed by Defendant as Product Manager until Defendant terminated his employment on or about February 12, 2024.

6.      Plaintiff Mills Staylor is a resident of Albemarle County, Virginia. Mr. Staylor was born in 1970 and was employed by Defendant as Senior Application Developer until Defendant terminated his employment on or about February 12, 2024.

7.      At all relevant times, Plaintiffs were Defendant's employees within the meaning of and entitled to the protections of the ADEA, the NYSHRL, and the NYCHRL.

8.      Plaintiffs bring these claims on behalf of themselves and similarly situated SiriusXM employees across the country who may choose to opt in to this action pursuant to 29

U.S.C. §§ 216(b), 626(b).

9.      Upon information and belief, based on public filings in the State of Delaware, Defendant is a Delaware corporation with its principal office located in New York, New York.

10.     At all relevant times, Defendant was Plaintiffs' employer within the meaning of and subject to the requirements of the ADEA, the NYSHRL, and the NYCHRL.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11.     Plaintiffs filed charges of discrimination against Defendant with the United States Equal Employment Opportunity Commission on June 14, 2024, more than 60 days prior to the filing of this Complaint.

## COLLECTIVE ACTION ALLEGATIONS

12.     These claims are brought on behalf of all SiriusXM employees across the country who may choose to opt in to this case, pursuant 29 U.S.C. §§ 216(b), 626(b).

13.     The employees who may opt in to this collective action are similarly situated to the named Plaintiffs. They have all worked for SiriusXM under substantially similar conditions and have all been subjected to SiriusXM's illegal policy and practices of disproportionately laying off employees over forty (40) years old in favor of younger, less experienced, and less qualified employees.

## FACTUAL ALLEGATIONS

14.     Plaintiffs are all former employees of Defendant.

15.     In or around 2022, Defendant's new leadership orchestrated a significant and entirely illegal shift in company culture, prioritizing the recruitment of younger employees based on their age.

16.     During a "Technology All Hands" presentation in May 2022, Defendant's Chief

Technology Officer ("CTO") Joe Inzerillo explicitly stated that the company intended to recruit younger employees in order to align the workforce with a younger target customer base.

17.    In the months that followed, Defendant engaged in a series of discriminatory actions against older employees, including Plaintiffs, culminating in termination of employment due to a so-called "reduction in force."

## Michael Harris

18.    Plaintiff Michael Harris began his employment with Defendant in 2008 and returned in September 2018 as Vice President of Software Engineering after a brief departure.

19.    Throughout his tenure, Mr. Harris demonstrated outstanding proficiency in project management, strategic planning, and team leadership and consistently received positive feedback from management.

20.    On January 22, 2024, Mr. Harris received an unjustified negative performance review from his supervisor that did not reflect his outstanding performance.

21.    On February 12, 2024, Defendant terminated Mr. Harris, citing a "reduction in force."

## David Horoschak

22.    Plaintiff David Horoschak was employed by Defendant from 2004 until his termination in February 2024.

23.    During his employment, Mr. Horoschak played a critical role in the development of streaming audio applications and services for Defendant, contributing to Defendant's success over nearly two decades.

24.    Following the leadership change in 2022, Mr. Horoschak was systematically marginalized and excluded by Defendant from critical decisions in favor of younger, less

4

experienced, and less qualified employees.

25.     On February 12, 2024, Defendant terminated Mr. Horoschak, citing a "reduction in force.".

## Mills Staylor

26.     Plaintiff Mills Staylor began his employment with Defendant on January 30, 2012, and was eventually promoted to Principal Engineer in 2023.

27.     Despite his significant contributions to Defendant, including developing key products and revolutionary infrastructure systems, Mr. Staylor was marginalized following the 2022 leadership change.

28.     Mr. Staylor received an unjustified negative performance review from Defendant at the end of 2023, marking a stark and unjustified departure from his previous positive evaluations.

29.     On February 16, 2024, Defendant terminated Mr. Staylor, citing a "reduction in force."

## Pretext

30.     Although Defendant claimed it terminated all three Plaintiffs as part of a reduction in force, Defendant promptly replaced each Plaintiff with a younger, less-experienced, less-qualified employee.

## COUNT I

### Age Discrimination in Violation of the ADEA

31.     Plaintiff repeats and alleges paragraphs 1–29, above, as if fully set forth herein.

32.     Defendant discriminated against Plaintiffs on the basis of age by subjecting them to adverse employment actions, including without limitation, terminating their employment and

replacing them with younger, less experienced, and less qualified individuals.

33.     By and through its conduct, Defendant violated the ADEA.

34.     Defendant's actions were willful and done with malice or reckless indifference to Plaintiffs' rights.

35.     As a result of Defendant's unlawful conduct, Plaintiffs have suffered and will continue to suffer damages, including without limitation lost wages, emotional distress, and liquidated damages.

## COUNT II

### Age Discrimination in Violation of the NYSHRL

36.     Plaintiff repeats and alleges paragraphs 1–34, above, as if fully set forth herein.

37.     Defendant discriminated against Plaintiffs on the basis of age by subjecting them to adverse employment actions, including without limitation, terminating their employment and replacing them with younger, less experienced, and less qualified individuals.

38.     By and through its conduct, Defendant violated the NYSHRL.

39.     Defendant's actions were willful and done with malice or reckless indifference to Plaintiffs' rights.

40.     As a result of Defendant's unlawful conduct, Plaintiffs have suffered and will continue to suffer damages, including without limitation lost wages, emotional distress, and liquidated damages.

## COUNT III

### Age Discrimination in Violation of the NYCHRL

41.     Plaintiff repeats and alleges paragraphs 1–39, above, as if fully set forth herein.

42.     Defendant discriminated against Plaintiffs on the basis of age by subjecting them

6

to adverse employment actions, including without limitation terminating their employment and replacing them with younger, less experienced, and less qualified individuals.

43.    By and through its conduct, Defendant violated the NYCHRL.

44.    Defendant's actions were willful and done with malice or reckless indifference to Plaintiffs' rights.

45.    As a result of Defendant's unlawful conduct, Plaintiffs have suffered and will continue to suffer damages, including without limitation lost wages, emotional distress, and liquidated damages.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all Counts so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in favor of Plaintiffs on all Counts and issue an Order:

a.  Declaring this action to be an ADEA collective action properly maintained under 29 U.S.C. § 216(b);

b.  Requiring Defendant to provide to Plaintiff the names, date of birth, addresses (including e-mail addresses), positions, and telephone numbers of all SiriusXM employees who were over forty (40) years old and whose employment with SiriusXM ended;

c.  Requiring that notice and opportunity to opt-in be given to all current or former employees of SiriusXM who were over forty (40) years old and whose employment with SiriusXM ended;

d.  Award compensatory damages, including back pay, front pay, and lost benefits;

7

e.  Award liquidated damages and all appropriate statutory and regulatory damages;

f.  Award punitive damages;

g.  Award attorneys' fees and costs;

h.  Award pre- and post-judgment interest; and

i.  Any other relief the Court deems just and proper.

Date: October 28, 2024                      RESPECTFULLY SUBMITTED,


ALAN LESCHT AND ASSOCIATES, P.C.

By:  ___/s/ Alan Lescht_____

Alan Lescht [NY Bar No. 2188696]
1825 K Street, NW, Suite 750
Washington, D.C. 20006
Phone: 202-463-7955
alan.lescht@leschtlaw.com


GORDONLAW LLP

By:  _____

Michael R. Gordon (MG7838)
51 Bedford Road, Suite 2
Katonah, New York 10536
Phone: 914-232-9500
mgordon@gordonlawllp.com

*Counsel for Plaintiffs*