UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                               :

DAVID HOROSCHAK, et al.,           :

                                :

                   Plaintiff,     :

                                :              24-CV-8177 (JMF)

        -v-                      :

                                :          MEMORANDUM OPINION

SIRIUS XM RADIO, INC.,        :            AND ORDER

                                :

                   Defendant.    :

                                :
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Plaintiffs David Horoschak, Michael Harris, and Mills Staylor — all former employees of Defendant Sirius XM Radio LLC ("Sirius XM") — bring this action, on behalf of themselves and others similarly situated, alleging unlawful age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.* ECF No. 1 ("Compl."), ¶¶ 1, 14.[1] The merits of their individual claims are not at issue here. Instead, the Court is called upon to decide whether to grant Plaintiffs' motion for conditional certification of a collective action. *See* ECF No. 19. To warrant conditional certification, Plaintiffs must show that they and other putative collective action members were victims of a common policy or plan that violated the law. For the reasons that follow, the Court concludes that Plaintiffs fail to make that showing and denies their motion.

---

[1] Plaintiffs incorrectly name Defendant as Sirius XM Radio, *Inc.* *See* ECF No. 22 ("Def.'s Opp'n"), at 7.

## BACKGROUND

The following background facts are drawn from Plaintiffs' Complaint, which is presumed to be true for purposes of this motion, *see, e.g.*, *She Jian Guo v. Tommy's Sushi Inc.*, No. 14-CV-3946 (PAE), 2014 WL 5314822, at *1 n.1 (S.D.N.Y. Oct. 16, 2014), and from the materials submitted by Plaintiffs in support of their motion.

Horoschak, Harris, and Staylor were each employed by Sirius XM for over a decade and were each over forty years old when, in 2024, they were terminated.  Compl. ¶¶ 18-29. According to Sirius XM, the three were terminated as part of a February 2024 reduction in force ("RIF") that eliminated approximately 160 roles — or about 3% of its workforce.  *See* ECF No. 20 ("Pls.' Mem."), at 3; *see also* ECF No. 20-1 ("Ex. 1").  Plaintiffs contend, however, that the RIF was a pretext for age discrimination.  Compl. ¶ 30.  More specifically, they allege that, beginning in 2022, Sirius XM's "new leadership orchestrated a significant and entirely illegal shift in company culture, prioritizing the recruitment of younger employees based on their age." *Id.* ¶ 15.  As evidence of that shift, they point to a May 2022 presentation, during which Sirius XM's Chief Technology Officer ("CTO") Joe Inzerillo "explicitly stated that the company intended to recruit younger employees in order to align the workforce with a younger target customer base."  *Id.* ¶ 16.  Plaintiffs allege that, "[i]n the months that followed, [Sirius XM] engaged in a series of discriminatory actions against older employees, including Plaintiffs, culminating in termination of employment" as part of the February 2024 RIF.  *Id*. ¶ 17; *see* Ex. 1.  The Complaint alleges, for example, that two of the three named Plaintiffs received unjustified negative performance reviews; two of the three were "marginalized"; and all three were replaced by younger, less experienced, and less qualified employees.  Compl. ¶¶ 20, 24, 27, 28, 30.

Plaintiffs now move for conditional certification of a collective action, with the collective defined in one instance as "all" Sirius XM "employees over forty (40) years of age whose employment separated (either because of layoff, discharge, or potential constructive discharge (i.e. resignation)) *since February 12, 2024*," ECF No. 19, at 1 (emphasis added), and in another as "employees . . . over the age of forty (40) who have been terminated or otherwise separated from employment *since 2022*," Pls.' Mem. 2 (emphasis added).  In support of their motion, Plaintiffs provided only one exhibit: the email that announced the February 2024 RIF.  Ex. 1.  They filed no declarations, affidavits, or other evidence in support of their motion.

## LEGAL STANDARDS

The enforcement provision of the ADEA, 29 U.S.C. § 626(b), incorporates the enforcement provisions of the Fair Labor Standards Act ("FLSA"), *id.* §§ 201, *et seq.*, which allow workers to bring a so-called collective action by suing on behalf of both themselves and "other employees similarly situated," *id.* § 216(b).  It is well established that "district courts have discretion, in appropriate cases, to implement § 216(b) by facilitating notice to potential plaintiffs of the pendency of the action and of their opportunity to opt-in as represented plaintiffs."  *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (quoting *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989)) (cleaned up).

In deciding whether to certify a collective action, district courts in the Second Circuit generally follow a "two-step method."  *Id.* at 555.  At the first step, called conditional certification, courts ask "whether similarly situated plaintiffs exist," *Ramos v. Platt*, No. 13-CV-8957 (GHW), 2014 WL 3639194, at *3 (S.D.N.Y. July 23, 2014), and — in an exercise of discretion — determine whether to send notice to the group of potential opt-in plaintiffs, *Myers*, 624 F.3d at 555.  At the second step, which follows the close of discovery, courts determine

3

"whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs,"

and, if the records reveal that they are not, courts can de-certify the collective. *Id.*; *Korenblum v.*

*Citigroup, Inc.*, 195 F. Supp. 3d 475, 480 (S.D.N.Y. 2016).

Plaintiffs' motion concerns the first step.  To warrant conditional certification, Plaintiffs

need to meet only the "low" evidentiary burden of making a "modest factual showing that they

and potential opt-in plaintiffs together were victims of a common policy or plan that violated the

law." *Myers*, 624 F.3d at 555 (internal quotation marks omitted); *Korenblum*, 195 F. Supp. 3d at

480.[2]  The "key element" of this required showing is the existence and implementation of "a

shared unlawful policy." *Argudo v. Parea Grp. LLC*, No. 18-CV-0678 (JMF), 2019 WL

4640058, at *3 (S.D.N.Y. Sept. 24, 2019); *see Korenblum*, 195 F. Supp. 3d at 479.  Members of

the proposed collective need not be "identical in every possible respect," but they must be

"similarly situated with respect to the allegedly unlawful policy or practice." *Korenblum*, 195 F.

Supp. 3d at 479; *see also Jackson v. New York Tel. Co.*, 163 F.R.D. 429, 432 (S.D.N.Y. 1995)

("[P]laintiffs are only required to demonstrate a factual nexus that supports a finding that

potential plaintiffs were subjected to a common discriminatory scheme.").

To carry their burden at this preliminary stage, Plaintiffs may rely on their "own

pleadings, affidavits, and declarations." *Chen v. Matsu Fusion Rest. Inc.*, No. 19-CV-11895

(JMF), 2020 WL 13841319, at *1 (S.D.N.Y. Nov. 16, 2020) (alterations omitted).  But Plaintiffs'

burden cannot "be satisfied simply by unsupported assertions," *Myers*, 624 F.3d at 555 (internal

quotation marks omitted), or "conclusory allegations," *Sanchez v. JMP Ventures, L.L.C.*, No. 13-

---

[2]    Although discovery is ongoing, Plaintiffs moved for collective action certification early
on, and the parties have not supplemented their motion papers.  Accordingly, for this first step,
the Court will not apply any form of greater scrutiny to determine whether conditional
certification is warranted. *Cf. Korenblum*, 195 F. Supp. 3d at 480-83.

CV-7264 (KBF), 2014 WL 465542, at *1 (S.D.N.Y. Jan. 27, 2014).  In other words, the burden

is low, but it is not non-existent, and certification is not automatic.  *See Fraticelli v. MSG*

*Holdings, L.P.*, No. 13-CV-6518 (JMF), 2014 WL 1807105, at *1 (S.D.N.Y. May 7, 2014);

*Ikikhueme v. CulinArt, Inc.*, No. 13-CV-293 (JMF), 2013 WL 2395020, at *2 (S.D.N.Y. June 3,

2013).

## DISCUSSION

Applying the foregoing standards, the Court concludes that Plaintiffs fail to satisfy their

burden, however low it may be.  Put simply, Plaintiffs fail to make even a "modest factual

showing" that any Sirius XM "policy or plan" to discriminate on the basis of age existed because

they rely solely on conclusory allegations.  *Myers*, 624 F.3d at 555; *see also Wilhoit v.*

*AstraZeneca Pharms. LP*, No. 22-CV-1634 (GBW) (SRF), 2024 WL 2843169, at *8 (D. Del.

June 5, 2024) ("[T]he speculative nature of Plaintiffs' allegations about the existence of a

company-wide plan or policy undercuts Plaintiffs' assertion that members of the proposed

collective are similarly situated under any such policy." (internal quotation marks omitted)).

They assert that Sirius XM implemented "a single plan to discriminate against employees by

age," ECF No. 23 ("Pls.' Reply"), at 2, and that this age-bias plan was a "companywide policy,"

Pls.' Mem. 7, which existed "[o]ver the last several years," Compl. ¶ 1.  But they do not back

any of these assertions up with declarations, affidavits, or anything of "evidentiary value."

*Morales v. Plantworks, Inc.*, No. 05-CV-2349 (DC), 2006 WL 278154, at *3 (S.D.N.Y. Feb. 2,

2006); *see also Korenblum*, 195 F. Supp. 3d at 484 ("[Plaintiffs] cannot satisfy a 'not

nonexistent' burden with non-existent evidence.").  Such allegations are "exactly the type of

unsupported assertion[s] that, according to the Second Circuit, cannot satisfy a plaintiff's burden

at the preliminary certification stage," *Ikikhueme*, 2013 WL 2395020, at *2 (cleaned up); *see,*

*e.g.*, *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 481 (S.D.N.Y. 2016) (observing that courts in the Second Circuit "routinely deny" motions for conditional certification where, as here, the plaintiffs fail to provide "evidentiary support, such as affidavits or supporting documents").

Additionally, to the extent that the Complaint can be said to contain specific allegations, it does not establish the required "factual nexus," *Jackson*, 163 F.R.D. at 432, that Sirius XM subjected its employees to a "policy or plan that violated the law," *Myers*, 624 F.3d at 555. Plaintiffs assert that Sirius XM's unlawful age-bias plan is apparent from the CTO's May 2022 comment that "the company intended to recruit younger employees," Compl. ¶ 16, and their terminations, *see id.* ¶¶ 21, 25, 29; *see also* Pls.' Mem. at 6. But the Complaint contains no allegations connecting the CTO's comment to the three named Plaintiffs' terminations twenty months later — let alone to the terminations of any other employees. Accordingly, the comment is unlikely enough to support an inference of age discrimination against even Plaintiffs themselves. *See, e.g.*, *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 306 (2d Cir. 2021) ("Stray age-related remarks are insufficient to raise an inference of discriminatory motive unless they (1) were made repeatedly, (2) drew a direct link between discriminatory stereotypes and the adverse employment decision, and (3) were made by supervisors who played a substantial role in the decision to terminate." (cleaned up)); *see also, e.g.*, *Hamilton v. Mount Sinai Hosp.*, 528 F. Supp. 2d 431, 446 (S.D.N.Y. 2007) ("[T]he more remote and oblique the remarks are in relation to the employer's adverse action, the less they prove that the action was motivated by discrimination."), *aff'd*, 331 Fed. App'x 874 (2d Cir. 2009) (summary order). It is certainly not enough to infer the existence of a "policy or plan." *See, e.g.*, *Raymond v. Spirit AeroSystems Holdings, Inc.*, 125 F.4th 1016, 1026 (10th Cir. 2025) (declining to rely on a CTO's acontextual

statements favoring younger workers "as evidence of an ageist operating procedure" absent evidence that the CTO "played a role in tightening the performance standards or changing the employee ratings"); *cf. Rodolico v. Unisys Corp.*, 199 F.R.D. 468 (E.D.N.Y. 2001) (granting conditional certification of a collective action where the plaintiffs had made specific allegations about how company executives implemented an age discrimination plan and "put forth credible evidence" supporting that "decisions were made because of bias on the part of top management that filtered down to the decision-makers" including that "managers and vice presidents allegedly made discriminatory comments and voiced a desire to reduce the number of older workers").[3]

Plaintiffs fall short of carrying their burden for two additional reasons.  First, as noted above, they are not consistent in defining their proposed collective.  Thus, it is unclear which employees they even allege to be "similarly situated": Is it all employees terminated since 2022 or all employees terminated since February 12, 2024?  *See, e.g.*, *Flores v. Osaka Health SPA, Inc.*, No. 05-CV-962 (VM) (KNF), 2006 WL 695675, at *3 (S.D.N.Y. Mar. 16, 2006) ("Where the named plaintiff is unable to state clearly and specifically to whom it is that she contends she is similarly situated, it is not possible for the Court to conclude that a collective action

---

[3]     The CTO's comment may not be sufficient evidence of a "policy or plan" to discriminate on the basis of age for another reason: He referenced the company's desire to *recruit* younger workers rather than *terminate* older workers.  *Cf. Rodolico*, 199 F.R.D. at 483 (noting that supervisors had allegedly "voiced a desire to . . . lay off the senior-most engineers at the plant").  Some courts have held that "statements regarding the need to recruit younger [employees]" are "not discriminatory on their face."  *Spaeth v. Georgetown Univ.*, 943 F. Supp. 198, 218-19 (D.D.C. 2013); *see, e.g.*, *E.E.O.C. v. Clay Printing Co.*, 955 F.2d 936, 939, 942 (4th Cir. 1992) (holding that an employer's comments indicating a desire to "attract newer, younger" employees were "not probative of age discrimination or a discriminatory purpose"); *see also, e.g.*, *Stone v. First Union Corp.*, 203 F.R.D. 532, 549 (S.D. Fla. 2001) (holding that a company executive's statements to the effect that a recruitment program targeted "young bankers" and "new talent" did "not provide any proof that age discrimination was the standard operating procedure" in company).

certification is warranted.").  Second, whatever the scope of Plaintiffs' proposed collective action is, it is broad, and plaintiffs "bear a heavier-than-usual burden" when seeking to certify a broad, nationwide collective because they need to "show[] that a discriminatory nationwide policy or plan infected *all* of [the employer's] employment separation decisions."  *Rusis v. Int'l Bus. Machines Corp.*, No. 18-CV-8434 (VEC), 2020 WL 1151322, at *2 (S.D.N.Y. Mar. 10, 2020) (emphasis added).  Measured against that heavier burden, Plaintiffs' allegations are plainly inadequate.

Were there any doubt that Plaintiffs' case for conditional certification falls short, Sirius XM's identification of differences within the proposed collective, including defenses unique to only some of its members, would seal the deal.  To be sure, the existence of separate defenses "does not necessarily mean that the plaintiffs are not similarly situated," *Rodolico*, 199 F.R.D. at 484, but defenses do "inform the analysis of whether employees are similarly situated," *Korenblum*, 195 F. Supp. 3d at 480; *see also Fraticelli*, 2014 WL 1807105, at *2.  And here, Sirius XM has identified a handful of differences within the proposed collective, including several defenses that apply to only some members: (1) Only some employees reported to the CTO whose comment Plaintiffs rely upon, *see* Def.'s Opp'n 2, 15-17; (2) only some employees ended their employment with Sirius XM via termination, *see id.* at 4, 15; (3) some employees signed releases waiving age discrimination claims against Sirius XM, *see id.* at 3, 7, 18; (4) some employees signed arbitration agreements that included collective action waivers, *see id.* at 4, 7-8, 18; and (5) some employees' claims may well be time barred, *see id.* at 3, 19.  These differences compound the lack of "common proof" to make the case for a "policy or plan" of age discrimination.  *Glatt v. Fox Searchlight Pictures, Inc.*, 811 F. 3d 528, 540 (2d Cir. 2016).

## CONCLUSION

For the reasons stated above, Plaintiffs fail to meet their "low" burden of making a "modest factual showing" that they and the members of their proposed collective "were victims of a common policy or plan that violated the law." *Myers*, 624 F.3d at 555. Accordingly, Plaintiffs' motion for conditional certification of a collective action is DENIED. The Clerk of Court is directed to terminate ECF No. 19.

SO ORDERED.

Dated: July 24, 2025
New York, New York

_____
JESSE M. FURMAN
United States District Judge