

VICTORIA WATSON | SENIOR COUNSEL
T (202) 852-8482 | F (202) 463-6067
VICTORIA.WATSON@LESCHTLAW.COM

September 4, 2025

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

    Re: <u>Horoschak et al. v. Sirius XM Radio, Inc., No. 2024-cv-08177</u>

**VIA ECF**

Dear Judge Furman:

We represent Plaintiffs David Horoschak, Michael Harris, and Mills Staylor in the above-referenced action. Pursuant to the Court's Individual Rules and Practices in Civil Cases 3(D) and Local Rule 37.2, we write to oppose Defendant Sirius XM Radio's objections to Plaintiffs' topics of examination contained in Plaintiffs' Revised Notice of Rule 30(b)(6) Deposition.

## **<u>Background and Relief Sought</u>**

On August 7, 2025, Plaintiffs served a Notice of F.R.C.P. 30(b)(6) Deposition on Defendant, detailing the topics regarding which Defendant's 30(b)(6) deponent(s) would be questioned. On the same day, Defendant notified Plaintiff that it objected to the topics contained in the Notice. Defendant provided general objections and specifically objected to all but 10 of Plaintiffs' topics as, *inter alia*, overly broad, vague, duplicative and disproportional to the needs of the case.

On August 15, 2025, the Parties conferred by phone to discuss Defendant's objections. Plaintiffs agreed to narrow the scope of the identified topics to address Defendant's concerns. On August 20, 2025, Plaintiffs produced a Revised Notice of 30(b)(6) Deposition, amending 34 of the proposed topics. ECF No. 34-2. Plaintiffs limited the relevant timeframe of sixteen topics (Nos. 1-7, 8-10, 12, 16, 21, 29, 36, 42), narrowed the phrasing of nine topics (Nos. 20-21, 28, 30, 35-36, 43-44), provided more specificity on nine of them (Nos. 8-10, 22-24, 42, 45-46), and narrowed the scope of ten topics to a smaller group of employees within Defendant's organization (Nos. 1-7, 16, 20, 25-27). Additionally, 4 of Plaintiffs' proposed topics cite excerpts from Defendant's own discovery production (Nos. 15, 17-20).

By way of example, Plaintiffs revised Topics 1 through 7, seeking certain policies, practices, and/or procedures, *inter alia*, to include a time limitation, and further limited the applicability of

Horoschak et al. v. Sirius XM Radio, Inc., No 2024-cv-08177
September 4, 2025
Page 2

the topics to either solely the SiriusXM Technology Organization, or the Technology Organization and Human Resources, with applicable leadership. Additionally, Plaintiffs narrowed the time, language, and scope of Topic 21 to pertain only to information regarding the final decisionmakers for Technology Organization restructuring from 2022 to 2024, including former CTO Joe Inzerillo. Topic 21 originally concerned all individuals *involved* in the decision, with no time limitation. Topics 28 and 35 were similarly narrowed, from seeking information regarding all the individuals involved in a decision to the decision-makers and/or fact-contributors to a decision.

Because Plaintiffs' topics are particular and reasonably tailored to capture the core issues raised in this case, Plaintiffs respectfully request the Court deny Defendant's request to strike the deposition notice and order Defendant to produce an appropriate witness for deposition consistent with its obligations under the federal rules.

## Argument

F.R.C.P. 26, which is applicable to a Rule 30(b)(6) notice, provides in part: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . It is well-settled that any possibility that the sought-after information may be relevant to the subject-matter of the action will satisfy Rule 26(b)(l)'s requirements." Dealer Computer Servs., Inc. v. Curry, No. 12 CIV. 3457 JMF JLC, 2013 WL 499520 (S.D.N.Y. Feb. 7, 2013) (internal citations and quotation marks omitted). A Notice of 30(b)(6) Deposition "must describe with reasonable particularity the matters for examination." F.R.C.P. 30(b)(6). The factors courts consider in determining whether topics are reasonably particular include: "(1) the nature of the topics; (2) whether the descriptions of the topics include examples of questions and clarifying information such as references to specific named policies, documents, incidents, and the like; and (3) whether a reasonable person reading the notice would understand how to prepare for the deposition." Trs. of Loc. 854 Pension Fund v. Barrett, No. 23-CV-1160 (JHR) (JW), 2024 WL 4026257, at *2 (S.D.N.Y. Sept. 3, 2024) (internal citations and quotation marks omitted).

"While Rule 30(b)(6) is not designed to be a memory contest, . . . the deponents must be both knowledgeable about a given area and prepared to give complete and binding answers on behalf of the organization." Rahman v. The Smith & Wollensky Rest. Grp., Inc., No. 06 CIV. 6198LAKJCF, 2009 WL 773344, at *1 (S.D.N.Y. Mar. 18, 2009) (internal citation and quotation marks omitted). Even "where the breadth of deposition topics exceeds the boundaries of what it is reasonable to expect an individual to recollect," this in and of itself is not sufficient reasoning to quash a 30(b)(6) notice. DDK Hotels, LLC v. Williams-Sonoma, Inc., No. 19 CV 226 (ILG) (CLP), 2022 WL 2702378, at *8 (E.D.N.Y. Feb. 11, 2022) ("Although these topics are far reaching, they capture some of the core issues raised in this litigation"). Courts have held that in such cases it is appropriate to allow the deponent to refer to a testimonial summary, documents, or notes during the deposition. Id. at *10-11 (collecting cases).

Plaintiffs' Revised Notice provides reasonable particularity as to the topics identified. Plaintiffs worked diligently and in good faith to substantially narrow the language and timeframe of the topics, specifying the information sought and referencing specific information from Defendant's

<u>Horoschak et al. v. Sirius XM Radio, Inc., No 2024-cv-08177</u>
September 4, 2025
Page 3

own discovery production. <u>See</u> <u>DDK Hotels</u>., WL 2702378, at *8 (ordering the defendant to narrow its topics that lack any temporal limitations or specifications regarding what defendant was seeking in its 30(b)(6) topics); Dealer Computer Servs, 2013 WL 499520 at *5 (allowing topics that are not on the "fringes" of Plaintiffs' claims, "but rather go to the heart of them.") Plaintiffs' topics capture the core issues in this litigation—the manner in which the Defendant conducted the reduction in force that resulted in Plaintiffs' termination and Defendant's <u>own assertions</u> regarding company restructuring (*e.g.*, the mandate Defendant stated that decisionmaker Alex Corrigen was given upon hiring to restructure one of the Plaintiffs' teams, which topic Defendants bizarrely object to as "irrelevant to the claims and defenses in this matter"), *inter alia*.

Defendant alleges that Plaintiffs improperly seek "all reasons" or" each and every fact" related to certain topics. ECF no. 34 at 3. In <u>Government Employees Insurance Co v. Lenex Services, Inc.</u>, cited by Defendant, the court held that the defendants' topic seeking "all matters" within plaintiff's files, not limited to files relating to defendants' claims, was improper and vague, and struck a topic regarding "all factual matters which support a real defense to the action or support affirmative defenses" because it required GEICO to marshal the evidence that it believes supports any potential defense. No. 16 CV 6030 (LDH) (CLP), 2018 WL 1368024, at *3 (E.D.N.Y. Mar. 16, 2018). Defendant misrepresents the holding of this case to state that calling for "all reasons" and "each and every fact" related to a topic are impermissible. Moreover, in multiple topics cited by Defendant, Plaintiff does not request all related reasons or all facts. <u>See</u> Ex. 34-2, Topic 12-14 (seeking each and every *annual review*); Topic 29 (any and all guidance, direction or parameters, from January 2022 to present); Topic 45 (process/parameters); Topic 46 (explanation of key corporate documents).

Lastly, comparator information is plainly relevant in an employment discrimination case. Defendants evidently contends that Plaintiffs are unable to seek comparator evidence regarding the Technology group because their motion for conditional certification was denied, for which they provide no legal basis. <u>C.f.</u> <u>Haran v. Orange Bus. Servs., Inc.</u>, No. 21CV10585VSBJW, 2023 WL 4373287, at *2 (S.D.N.Y. June 2, 2023) ("The Court is satisfied that Plaintiff's requested comparator evidence is discoverable because it may be relevant to Plaintiff's claims of employment discrimination and the request is not overly broad or burdensome.").

Plaintiffs do not intend to utilize the 30(b)(6) deposition to cure "defects in their written discovery requests," as alleged by Defendant. To the contrary, Plaintiffs have worked diligently to obtain the information sought and throughout the discovery period and have ensured full compliance with their own obligations to Defendant. These good faith efforts have been largely unsuccessful and now require the Court's intervention in connection with both the 30(b)(6) topics and Defendant's continued failure to produce highly relevant documents and full responses to written discovery requests, which Plaintiffs will address in a separate motion to the Court shortly.

For the above reasons, Plaintiffs respectfully request the Court deny Defendant's request to strike the Revised Rule 30(b)(6) Notice and request that the Court order Defendant to produce a 30(b)(6) deponent to provide testimony on the reasonable and relevant topics previously identified.

<u>Horoschak et al. v. Sirius XM Radio, Inc., No 2024-cv-08177</u>
September 4, 2025
Page 4

Thank you for your consideration of this matter.

                                        Respectfully Submitted,

By:   /s/ Victoria L. Watson
       Alan Lescht
       Victoria L. Watson
       ALAN LESCHT AND ASSOCIATES, P.C.
       1825 K Street, NW, Suite 750
       Washington, D.C. 20006
       Phone: 202-463-7955
       alan.lescht@leschtlaw.com

By:   /s/ Michael R. Gordon
       Michael R. Gordon
       GORDONLAW LLP
       51 Bedford Road, Suite 2
       Katonah, New York 10536
       Phone: 914-232-9500
       mgordon@gordonlawllp.com

       *Counsel for Plaintiffs*

Upon review of the parties' letters, Defendant's letter-motion is DENIED. In the Court's judgment, the topics are relevant, described with sufficiently reasonable particularity, and are not disproportionate to the needs of the case.

The Clerk of Court is directed to terminate ECF No. 34.

                                        SO ORDERED.

                                        September 5, 2025